# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| INGRID ALATORRE | * |
| c/o Hawks Quindel, S.C. | * |
| 5150 North Port Washington Road, Suite 243 | * |
| Milwaukee, Wisconsin 53217 | * |
| | * |
| ***On Behalf of Herself and All Other*** | * |
| ***Similarly Situated Individuals*** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | * |
| MILWAUKEE ENTERTAINMENT, LLC | * |
| D/B/A HEART BREAKERS | * |
| 9440 West National Avenue | * |
| Milwaukee, Wisconsin 53227 | * |
| | * |
| SERVE REGISTERED AGENT: | * |
| Neela Sathiyamoorthy | *   CASE NO.:  25-cv-209 |
| 13500 Watertown Plank Road, Suite 205 | * |
| Elm Grove, Wisconsin 53122 | * |
| | * |
| And | * |
| | * |
| MENASHA ENTERTAINMENT, LLC | * |
| D/B/A BLU SAPPHIRES CABARET | * |
| W7195 US Highway 10-144 | * |
| Menasha, Wisconsin 54952 | * |
| | * |
| SERVE REGISTERED AGENT: | * |
| Neela Sathiyamoorthy | * |
| 13500 Watertown Plank Road, Suite 205 | * |
| Elm Grove, Wisconsin 53122 | * |
| | * |
| And | * |
| | * |
| HORIZON CONSULTING, LLC | * |
| D/B/A SHOW PALACE | * |
| 2505 US-14 | * |
| Darien, Wisconsin 53114 | * |

SERVE REGISTERED AGENT:      *
Neela Sathiyamoorthy      *
13500 Watertown Plank Road, Suite 205     *
Elm Grove, Wisconsin 53122     *
    *
And     *
    *
GB ENTERTAINMENT, LLC     *
D/B/A OVAL OFFICE     *
1100 Main Street     *
Green Bay, Wisconsin 54301     *
    *
SERVE REGISTERED AGENT:     *
Neela Sathiyamoorthy     *
13500 Watertown Plank Road, Suite 205     *
Elm Grove, Wisconsin 53122     *
    *
And     *
    *
DJ & IQ, LLC     *
D/B/A BLU ASTOR CABARET     *
6530 US-51     *
Janesville, Wisconsin 53546     *
    *
SERVE REGISTERED AGENT:     *
Neela Sathiyamoorthy     *
13500 Watertown Plank Road, Suite 205     *
Elm Grove, Wisconsin 53122     *
    *
    Defendants     *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ingrid Alatorre ("Plaintiff"), on behalf of herself and all other similarly situated

individuals, files her Class and Collective Action Complaint against Defendants Milwaukee

Entertainment, LLC d/b/a Heart Breakers ("Heart Breakers"), Menasha Entertainment, LLC

d/b/a Blu Sapphires Cabaret ("Blu Sapphires Cabaret"), Horizon Consulting, LLC d/b/a Show

Palace ("Show Palace"), GB Entertainment, LLC d/b/a Oval Office ("Oval Office"), and DJ &

IQ, LLC d/b/a Blu Astor Cabaret ("Blu Astor Cabaret") (collectively "Defendants") for recovery

of earned and unpaid wages and unlawfully deducted kickbacks, deductions, and assignments,

2

statutory liquidated damages, interest, and attorney's fees and costs arising from Defendants' violations of the Federal Fair Labor Standards Act, 29 USC § 201, *et seq* ("FLSA"), the Wisconsin Minimum Wage Law, Wis. Stat. § 104.01, *et seq* ("WMWL"), the Wisconsin Wage Payments Claims and Collections Law, Wis. Stat. § 109.01, *et seq* ("WWPCC"), and the Wisconsin Illegal and Unauthorized Deductions Law, Wis. Stat. § 103.455 ("WIUDL").

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Milwaukee, Wisconsin.

2. Blu Sapphires Cabaret is a limited liability company, formed under the laws of the State of Wisconsin.

3. During the relevant period, Blu Sapphires Cabaret operated as a gentlemen's club at W7195 US Highway 10-144, Menasha, Wisconsin 54952.

4. Show Palace is a limited liability company, formed under the laws of the State of Wisconsin.

5. During the relevant period, Show Palace operated as a gentlemen's club at 2505 US-14, Darien, Wisconsin 53144.

6. Oval Office is a limited liability company, formed under the laws of the State of Wisconsin.

7. During the relevant period, Oval Office operated as a gentlemen's club at 1100 Main Street, Green Bay, Wisconsin 54301.

8. Heart Breakers is a limited liability company, formed under the laws of the State of Wisconsin.

9. During the relevant period, Heart Breakers operated as a gentlemen's club at 9440 West National Avenue, Milwaukee, Wisconsin 53227.

3

10. Blu Astor is a limited liability company, formed under the laws of the State of Wisconsin.

11. During the relevant period, Blu Astor has operated as a gentlemen's club at 6530 US-51, Janesville, Wisconsin 53546.

12. During the relevant period, Defendants owned, operated, and controlled (i) Blu Sapphires Cabaret; (ii) Show Palace; (iii) Oval Office; (iv) Heart Breakers; and (v) Blu Astor (collectively, "Defendants' Clubs") under common ownership and management.

13. During the relevant period, Defendants operated out of a single principal business within Waukesha County, Wisconsin, at 13500 Watertown Plank Road, Suite 205, Elm Grove, Wisconsin 53122.

14. During the relevant period, Defendants' common ownership coordinated an advertising strategy for the common benefit of all Defendants' Clubs that included an interconnected internet presence linking Defendants' Clubs' websites and cross promoting Defendants' Clubs' websites.

15. During the relevant period, Defendants' common ownership invested in, controlled, and directed the business operations for Defendants' Clubs.

16. During the relevant period, Defendants' common ownership and management created and enforced rules and policies controlling the operations for Defendants' Clubs.

17. During the relevant period, Defendants' common ownership and management created and enforced rules and policies controlling the work duties for all exotic dancers within Defendants' Clubs.

4

18. During the relevant period, Defendants' common ownership and management set and controlled customer purchase prices for all consumer transactions within Defendants' Clubs, including prices charged to customers for purchasing private and semi-private dances performed by exotic dancers within Defendants' Clubs.

19. During the relevant period, Defendants' common ownership and management held full power and authority to manage, direct, and supervise the work duties and performances for all exotic dancers working within Defendants' Clubs.

20. During the relevant period, Defendants' common ownership and management held full power and authority to hire or decline to hire individuals seeking to work as exotic dancers within Defendants' Clubs.

21. During the relevant period, Defendants' common ownership and management held full power and authority to enforce workplace discipline against all exotic dancers working within Defendants' Clubs.

22. During the relevant period, Defendants' common ownership and management held full power and authority to suspend or terminate exotic dancers' ability to work within Defendants' Clubs.

23. During the relevant period, Defendants' common ownership and management held full power and authority to exclude exotic dancers from working or continuing to work within Defendants' Clubs.

24. During the relevant period, Defendants' common ownership and management commonly misclassified all exotic dancers working within Defendants' Clubs as non-employee contractors.

25. During the relevant period, Defendants' common ownership and management

5

paid no wages or other compensation to exotic dancers working within Defendants' Clubs.

26. During the relevant period, Defendants' common ownership and management required exotic dancers working within Defendants' Clubs to pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

27. During the relevant period, Defendants' common ownership and management were responsible for keeping and maintaining all employment and related records for exotic dancers working within Defendants' Clubs.

28. During the relevant period, Defendants sold beverages, pre-packaged food products, and other consumer goods that passed through interstate commerce to customers within Defendants' Clubs.

29. During the relevant period, Defendants purchased, played, or streamed music through out-of-state internet channels for exotic dancers to dance to for the entertainment of Defendants' customers within Defendants' Clubs.

30. In each year during the relevant period, Defendants collectively and individually generated annual total sales or gross revenues exceeding $500,000.00 arising from Defendants' operation of Defendants' Clubs.

31. During the relevant period, Defendants collectively qualified a common "employer," "single enterprise employer," or "joint employer" for Plaintiff and all individuals working as exotic dancers within Defendants' Clubs within the meaning of the FLSA, WMWL, WWPCC, and WIUDL.

6

32. During the relevant period, Plaintiff and all individuals working as exotic dancers within Defendants' Clubs qualified as Defendants' employees within the meaning of the FLSA, WMWL, WWPCC, and WIUDL.

33. This Court has personal jurisdiction over Defendants, has "Federal Question" subject matter jurisdiction over herein alleged FLSA claims pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over herein alleged and interrelated WMWL, WWPCC, and WIUDL claims arising under Wisconsin Law.

34. Pursuant to 28 U.S.C. § 1391, venue is proper for the prosecution of this action in the Milwaukee Division of the Eastern District of Wisconsin because Defendants each operate out of a central and common principal business location within Waukesha County, Wisconsin.

## THE CLASSES

35. The FLSA Section 216(b) Collective Action is comprised of Plaintiff and all individuals who, in any week during the (3) years prior to joining or opting-in to this action through the date of judgment in this case ("the FLSA Class Period"); (a) worked as exotic dancers within Defendants' Clubs; (b) were misclassified by Defendant as non-employee contractors; and (c) were not paid by Defendants for all hours worked as exotic dancers within Defendants' Clubs hourly an rate at least equal to the "free and clear" Federal Minimum Wage ("the FLSA Class").

36. The Federal Rule 23 WMWL Class is comprised of Plaintiff and all individuals who, in any week during the period from two (2) year prior to the filing of the initial Complaint to the date of judgment in this action (the "WMWL Class Period"); (a) worked as exotic dancers within Defendants' Clubs; (b) were

7

misclassified by Defendants as a non-employee contractors; and (c) were not paid by Defendants for all hours worked as exotic dancers within Defendants' Clubs hourly an rate at least equal to the "free and clear" Wisconsin Minimum Wage ("the WMWL Class").

37. The Federal Rule 23 WIUDL Class is comprised of Plaintiff and all individuals who, in any week during the period from two (2) years prior to the filing of the initial Complaint to the date of judgment in this action ("the WIUDL Class Period"); (a) worked as exotic dancers within Defendants' Clubs; (b) were misclassified by Defendants as a non-employee contractors; and (c) were required to pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, or assignments from earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs. ("the WIUDL Class").[1]

### FACTUAL ALLEGATIONS

38. From about August 2023, through about September 2023, Defendants employed Plaintiff to work as an exotic dancer within Heart Breakers.

39. From about June 2024, until about Mid-July 2024, Defendants employed Plaintiff to work as an exotic dancer within Oval Office.

40. From about Mid-July 2024, through about October 2024, Defendants employed Plaintiff to work as an exotic dancer within Blue Sapphires.

41. During the relevant period, Defendants employed Plaintiff and more than one hundred (100) Class Members to work as exotic dancers within Defendants'

---

[1] The FLSA Class, WMWL Class, and WIUDL Class are collectively "Class Members."

8

Clubs.

42. During the relevant period, Defendants classified Plaintiff and all Class Members working as exotic dancers within Defendants' Clubs as non-employee contractors.

43. During the relevant period, Defendants documented, supervised, and had actual knowledge of all shifts and all hours Plaintiff and all Class Members worked as exotic dancers within Defendants' Clubs.

44. During the relevant period, Defendants held full authority and discretion to set and enforce rules and policies controlling Plaintiff and all Class Members' work duties, performances, and responsibilities while working as exotic dancers within Defendants' Clubs.

45. During the relevant period, Defendants held full authority and discretion to administer workplace discipline against Plaintiff or all Class Member for violating Defendants' rules or policies while working as exotic dancers within Defendants' Clubs.

46. During the relevant period, Defendants held full authority and discretion to decide whether Plaintiff or any Class Member was permitted to work as an exotic dancer within Defendants' Clubs.

47. During the relevant period, Defendants held full authority and discretion to control if, when, and during what shifts Plaintiff or any Class Member was permitted to work as an exotic dancer within Defendants' Clubs.

48. During the relevant period, Defendants held full authority and discretion to suspend or terminate Plaintiff or any Class Member from working as an exotic dancer within Defendants' Clubs.

49. During the relevant period, Defendants held full authority and discretion to exclude Plaintiff or any Class Member from working as an exotic dancer within Defendants' Clubs.

50. During the relevant period, Defendants held full authority and discretion to set or modify customer prices for the private and semi-private exotic dances Plaintiff and Class Members performed for Defendants' customers while working as exotic dancers within Defendants' Clubs.

51. During the relevant period, Defendants did not require Plaintiff or Class Members to possess any requisite education, certificate, education, or training to work as exotic dancers within Defendants' Clubs.

52. During the relevant period, Defendants operated Defendants' Clubs as gentlemen's clubs featuring exotic dancers.

53. During the relevant period, Plaintiff and Class Members' primary job duty within Defendants' Clubs was to work as exotic dancers.

54. During the relevant period, Defendants did not pay any wages or other compensation to Plaintiff or Class Members for working as exotic dancers within Defendants' Clubs.

55. During the relevant period, Defendants required Plaintiff and Class Members to pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money Plaintiff and Class Members received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

56. During the relevant period, Defendants had actual or constructive knowledge their

10

failure to pay Plaintiff and Class Members wages for the hours Plaintiff and Class Members worked as exotic dancers within Defendants' Clubs was in direct violation of Plaintiff and Class Members minimum wage compensation rights under the FLSA and Wisconsin law.

57. During the relevant period, Defendants had actual or constructive knowledge their taking, collecting, withholding, or assigning of earned tip wages and other money Plaintiff and Class Members received from Defendants' customers while working as exotic dancers within Defendants' Clubs was in direct violation of Plaintiff and Class Members' earned wage retention rights under the FLSA and Wisconsin law.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

58. During the FLSA Class Period, Plaintiff and the members of the FLSA Class (i) worked as exotic dancers within Defendants' Clubs; (ii) were misclassified by Defendants as non-employee contractors; and (iii) were not paid by Defendants for hours worked as an exotic dancer within Defendants' Clubs at a rate at least equal to the full "free and clear" Federal Minimum Wage.

59. During the FLSA Class Period, Plaintiff and the members of the FLSA Class were similarly situated because each is a victim of Defendants' common payroll scheme in violation of the FLSA to misclassify Plaintiff and the members of the FLSA Class as non-employee contractors and fail to pay Plaintiff and members of the FLSA Class wages for hours worked as exotic dancers within Defendants' Clubs at a rate at least equal to the the full "free and clear" Federal Minimum Wage.

## RULE 23 CLASS ALLEGATIONS

11

60. Plaintiff brings her WMWL claims against Defendants as a Class Action under Federal Rule 23 on behalf of herself and all members of the WMWL Class.

61. Plaintiff brings her WIUDL claims against Defendants as a Class action under Federal Rule 23 on behalf of herself and all members of the WIUDL Class.

62. The members of the WMWL Class are readily ascertainable from records in Defendants' possession, custody, or control.

63. The members of the WIUDL Class are readily ascertainable from records in Defendants' possession, custody, or control.

64. The WMWL Class is believed to exceed one hundred (100) members, such that joinder of all members of the WMWL Class is impracticable.

65. The WIUDL Class is believed to exceed one hundred (100) members, such that joinder of all members of the WIUDL Class is impracticable.

66. The WMWL claims belonging to Plaintiff and the members of the WMWL Class all arise from Defendants' common and class-wide misclassification of Plaintiff and the members of the WMWL Class as non-employee contractors and failure to pay Plaintiff and members of the WMWL Class wages for hours worked as exotic dancers within Defendants' Clubs at a rate at least equal to the full "free and clear" Wisconsin Minimum Wage.

67. The WIUDL claims belonging to Plaintiff and the members of the WIUDL Class all arise from Defendants' common and class wide misclassification of Plaintiff and the members of the WIUDL Class as non-employee contractors and Defendants requirement that Plaintiff and the members of the WIUDL Class pay Defendants' managers, employees, agents, or assignees mandatory kickbacks,

12

deductions, and assignments from earned tip wages and other money Plaintiff and members of the WIUDL Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

68. Plaintiff's WMWL claims against Defendants are typical of the WMWL claims that could be alleged by any member of the WMWL Class against Defendant in separate actions.

69. Plaintiff's WIUDL claims against Defendants are typical to the WIUDL claims that could be alleged by any member of the WIUDL Class against Defendant in separate actions.

70. The relief sought by Plaintiff against Defendant under the WMWL is typical of the relief that would be sought by each member of the WMWL Class against Defendant under the WMWL in separate actions.

71. The relief sought by Plaintiff against Defendant under the WIUDL is typical to the relief that would be sought by each member of the WIUDL Class against Defendant under the WIUDL in separate actions.

72. Plaintiff and the members of the WMWL Class sustained similar damages arising from the same unlawful payroll practices perpetrated by Defendants in violation of the WMWL during the WMWL Class Period.

73. Plaintiff and the members of the WIUDL Class sustained similar damages arising from the same unlawful payroll practices perpetrated by Defendants in violation of the WIUDL during the WIUDL Class Period.

74. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of the members of the WMWL Class and have no interests antagonistic to the

13

members of the WMWL Class.

75. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of the members of the WIUDL Class and have no interests antagonistic to the members of the WIUDL Class.

76. The same questions of fact and law that are determinative of Plaintiff's WMWL claim against Defendants and the WMWL claims of the members of the WMWL Class against Defendants predominate over any questions or circumstances affecting only Plaintiff or any individual member of the WMWL Class.

77. The same questions of fact and law that are determinative of Plaintiff's WIUDL claim against Defendants and the WIUDL claims of the members of the WIUDL Class against defendants predominate over any questions affecting only Plaintiff or any individual member of the WIUDL Class.

78. A Federal Rule 23 Class Action divided into WMWL and WIUDL Sub-Classes is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the WMWL and/or WIUDL lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

79. A Federal Rule 23 Class Action divided into WMWL and WIUDL Sub-Classes promotes consistency, economy, efficiency, fairness and equity, and the fair and efficient adjudication of all claims.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF THE FLSA**

14

80. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

81. During the FLSA Class Period, the FLSA required Defendants to pay Plaintiff and all members of the FLSA Class at an hourly rate at least equal to the full "free and clear" Federal Minimum Wage for all hours worked as exotic dancers within Defendants' Clubs.

82. During the FLSA Class Period, the FLSA required Defendants to permit Plaintiff and all members of the FLSA Class to keep and retain all earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

83. During the FLSA Class Period, Defendants violated the FLSA by failing to pay Plaintiff and members of the FLSA Class wages for all hours worked as exotic dancers within Defendants' Clubs at rates at least equal to the full "free and clear" Federal Minimum Wage.

84. During the FLSA Class Period, Defendants violated the FLSA by requiring Plaintiff and the members of the FLSA Class pay Defendants' managers, employees, agents, or assignees mandatory kickback charges, deductions, and assignments from earned tip wages and other money Plaintiff and members of the FLSA Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs

85. During the FLSA Class Period, Defendants violated Plaintiff and the FLSA Class Members' rights under the FLSA willfully, knowingly, intentionally, and not as the product of any good faith attempt to comply with the requirements of the

15

FLSA.

**COUNT II**
**VIOLATION OF THE WMWL**

86.    Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

87.    During the WMWL Class Period, the WMWL and WWPCC required Defendants to pay Plaintiff and members of the WMWL Class at an hourly rate at least equal to the full "free and clear" Wisconsin Minimum Wage for all hours worked as exotic dancers within Defendants' Clubs.

88.    During the WMWL Class Period, the WMWL and WWPCC required Defendants to permit Plaintiff and all members of the WMWL Class to keep and retain all earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

89.    During the WMWL Class Period, Defendants violated the WMWL and WWPCC by failing to pay Plaintiff and all members of the WMWL Class wages for all hours worked as exotic dancers within Defendants' Clubs at rates at least equal to the full "free and clear" Wisconsin Minimum Wage.

90.    During the WMWL Class Period, Defendants violated the WMWL and WWPCC by requiring Plaintiff and the members of the WMWL Class pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money Plaintiff and members of the WMWL Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs

91.    During the WMWL Class Period, Defendants' violations of the WMWL and

16

WWPCC were perpetrated by Defendants for dilatory or unjust reasons.

92. Because of Defendants' violations of the WMWL and WWPCC perpetrated during the WMWL Class Period, Plaintiff and the members of the WMWL Class have suffered and continue to suffer wage loss.

**COUNT III**
**VIOLATIONS OF THE WIUDL**

93. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

94. During the WIUDL Class Period, the WIUDL and WWPCC prohibited employers from making any deduction from wages due or earned by an employee "for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction or unless the employer and a representative designated by the employee determine that the defective or faulty workmanship, loss, theft or damage is due to the employee's negligence, carelessness, or willful and intentional conduct, or unless the employee is found guilty or held liable in a court of competent jurisdiction by reason of that negligence, carelessness, or willful and intentional conduct." Wis. Stat. § 103.455.

95. During the WIUDL Class Period, Defendants violated the WIUDL and WWPCC by requiring Plaintiff and the members of the WIUDL Class pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money Plaintiff and members of the WIUDL Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

17

96. During the WIUDL Class Period, Defendants made deductions and assignments from Plaintiff and the members of the WIUDL Class's earned tip wages and other money Plaintiff and the members of the WIUDL Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs without Plaintiff and the members of the WIUDL Class's written authorization, their representative's determination, or a relevant court order.

97. Because of Defendants' violations of the WIUDL and WWPCC perpetrated during the WIUDL Class Period, Plaintiff and the members of the WIUDL Class have suffered and continue to suffer wage loss.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of Class Members, prays for relief against Defendants, jointly and severally, as follows:

A. An Order designating this action as a Collective Action and issuance of notice pursuant to the FLSA to each member of the FLSA Class under 29 U.S.C. § 216(b);

B. An Order certifying this action as a Class Action on behalf of the WMWL Class and the WIUDL Class under Federal Rule 23(b)(3);

C. An Order designating Plaintiff as representative of the WMWL Class and the WIUDL Class;

D. An Order designating Plaintiff's undersigned counsel, Hawks Quindel, S.C. and Zipin, Amster & Greenberg, LLC, as class counsel for the WMWL Class and the WIUDL Class;

18

E.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F.      An Order finding that Defendants violated the FLSA, WMWL, WWPCC, and WIUDL;

G.      Judgment against Defendants, jointly and severally, in the amount equal to the "free and clear" unpaid wages and illegally withheld kickbacks, deductions, and assignments owed to Plaintiff and members of the FLSA Class, the WMWL Class, and the WIUDL Class;

H.      An award in the amount of all liquidated damages and penalties as provided under the FLSA, the WMWL, WWPCC, and the WIUDL;

I.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

J.      Leave to amend the Complaint to add additional claims; and

K.      Such further relief as the Court deems just and equitable.

Submitted on this 11th day of February 2025.

HAWKS QUINDEL, S.C.

*s/ Larry A. Johnson*
Larry A. Johnson Bar Number 1056619
5150 North Port Washington Road, Suite 243
Milwaukee, Wisconsin 53217
Phone: (414) 271-8650
Fax: (414) 207-6079
E-mail: ljohnson@hq-law.com

ZIPIN, AMSTER & GREENBERG, LLC

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, VA Bar No. 79610
(To be Admitted by *Pro Hac Vice*)
8757 Georgia Avenue, Suite 400

19

Silver Spring, Maryland 20910
Phone: (301) 587-9373
Fax: (240) 839-9142
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*

20