## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

INGRID ALATORRE,

     Plaintiff,

vs.

MILWAUKEE ENTERTAINMENT, LLC

SERVE REGISTERED AGENT

and

MENASHA ENTERTAINMENT, LLC
D/B/A BLU SAPPHIRES CABARET
YEOMANS, INC.

SERVE REGISTERED AGENT

HORIZON CONSULTING, LLC
D/B/A SHOW PALACE,

SERVE REGISTERED AGENT

and                                       Case No.: 25-cv-209

GB ENTERTAINMENT, LLC
D/B/A OVAL OFFICE

SERVE REGISTERED AGENT

and

DJ & IQ, LLC D/B/A BLU ASTOR CABARET

SERVE REGISTERED AGENT,

     Defendants.

## DEFENDANT, MENASHA ENTERTAINMENT, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the above-named Defendant, Menasha Entertainment, LLC d/b/a

Blu Sapphires Cabaret Yeomans, Inc., by and through its attorneys, Hager, Dewick & Zuengler, S.C., and as and for an answer to the Complaint to Recover Preferential Transfers and for Disallowance of Claims, admits, denies and alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of Milwaukee, Wisconsin.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

2. Blu Sapphires Cabaret is a limited liability company, formed under the laws of the State of Wisconsin.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

3. During the relevant period, Blu Sapphires Cabaret operated as a gentlemen's club at W7195 US Highway 10-144, Menasha, Wisconsin 54952.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

4. Show Palace is a limited liability company, formed under the laws of the State of Wisconsin.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

5. During the relevant period, Show Palace operated as a gentlemen's club at 2505 US-14, Darien, Wisconsin 53144.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

6. Oval Office is a limited liability company, formed under the laws of the State of Wisconsin.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

7. During the relevant period, Oval Office operated as a gentlemen's club at 1100 Main Street, Green Bay, Wisconsin 54301.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

2

8. Heart Breakers is a limited liability company, formed under the laws of the State of Wisconsin.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

9. During the relevant period, Heart Breakers operated as a gentlemen's club at 9440 West National Avenue, Milwaukee, Wisconsin 53227.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

10. Blu Astor is a limited liability company, formed under the laws of the State of Wisconsin.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

11. During the relevant period, Blu Astor has operated as a gentlemen's club at 6530 US-51, Janesville, Wisconsin 53546.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

12. During the relevant period, Defendants owned, operated, and controlled (i) Blu Sapphires Cabaret; (ii) Show Palace; (iii) Oval Office; (iv) Heart Breakers; and (v) Blu Astor (collectively, "Defendants' Clubs") under common ownership and management.

**ANSWER:** Defendant admits Defendants owned, operated and controlled the businesses under common ownership. Answering further, Defendant denies they were under common management.

13. During the relevant period, Defendants operated out of a single principal business within Waukesha County, Wisconsin, at 13500 Watertown Plank Road, Suite 205, Elm Grove, Wisconsin 53122.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

14. During the relevant period, Defendants' common ownership coordinated an advertising strategy for the common benefit of all Defendants' Clubs that included an

3

interconnected internet presence linking Defendants' Clubs' websites and cross promoting Defendants' Clubs' websites.

**ANSWER:** Defendant admits that the Clubs' individual websites contain links to the other Clubs' websites.

15. During the relevant period, Defendants' common ownership invested in, controlled, and directed the business operations for Defendants' Clubs.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

16. During the relevant period, Defendants' common ownership and management created and enforced rules and policies controlling the operations for Defendants' Clubs.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

17. During the relevant period, Defendants' common ownership and management created and enforced rules and policies controlling the work duties for all exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph. Answering further, the guidelines and policies were established for safety and other legal compliance matters, but entertainers were largely able to operate as they pleased during performances.

18. During the relevant period, Defendants' common ownership and management set and controlled customer purchase prices for all consumer transactions within Defendants' Clubs, including prices charged to customers for purchasing private and semi-private dances performed by exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant admits the Defendants set customer purchase prices.

19. During the relevant period, Defendants' common ownership and management held full power and authority to manage, direct, and supervise the work duties and performances

4

for all exotic dancers working within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

20. During the relevant period, Defendants' common ownership and management held full power and authority to hire or decline to hire individuals seeking to work as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the entertainers were employees and, therefore, no entertainer was hired.

21. During the relevant period, Defendants' common ownership and management held full power and authority to enforce workplace discipline against all exotic dancers working within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

22. During the relevant period, Defendants' common ownership and management held full power and authority to suspend or terminate exotic dancers' ability to work within Defendants' Clubs.

**ANSWER:** Defendant admits that Defendants had the ability to prevent entertainers from performing at the Clubs.

23. During the relevant period, Defendants' common ownership and management held full power and authority to exclude exotic dancers from working or continuing to work within Defendants' Clubs.

**ANSWER:** Defendant admits that Defendants had the ability to prevent entertainers from performing at the Clubs.

24. During the relevant period, Defendants' common ownership and management commonly misclassified all exotic dancers working within Defendants' Clubs as non-employee contractors.

5

**ANSWER:** Defendant admits that entertainers were classified as non-employee contractors. Answering further, Defendant denies that they were mis-classified.

25. During the relevant period, Defendants' common ownership and management paid no wages or other compensation to exotic dancers working within Defendants' Clubs.

**ANSWER:** Defendant admits no wages were paid and affirmatively state that performers were compensated by Defendants' customers.

26. During the relevant period, Defendants' common ownership and management required exotic dancers working within Defendants' Clubs to pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

27. During the relevant period, Defendants' common ownership and management were responsible for keeping and maintaining all employment and related records for exotic dancers working within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this paragraph. Answering further, the dancers were not employees.

28. During the relevant period, Defendants sold beverages, pre-packaged food products, and other consumer goods that passed through interstate commerce to customers within Defendants' Clubs.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

29. During the relevant period, Defendants purchased, played, or streamed music through out-of-state internet channels for exotic dancers to dance to for the entertainment of Defendants' customers within Defendants' Clubs.

6

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

30. In each year during the relevant period, Defendants collectively and individually generated annual total sales or gross revenues exceeding $500,000.00 arising from Defendants' operation of Defendants' Clubs.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

31. During the relevant period, Defendants collectively qualified a common "employer," "single enterprise employer," or "joint employer" for Plaintiff and all individuals working as exotic dancers within Defendants' Clubs within the meaning of the FLSA, WMWL, WWPCC, and WIUDL.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

32. During the relevant period, Plaintiff and all individuals working as exotic dancers within Defendants' Clubs qualified as Defendants' employees within the meaning of the FLSA, WMWL, WWPCC, and WIUDL.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

33. This Court has personal jurisdiction over Defendants, has "Federal Question" subject matter jurisdiction over herein alleged FLSA claims pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over herein alleged and interrelated WMWL, WWPCC, and WIUDL claims arising under Wisconsin Law.

**ANSWER:** Defendant admits jurisdiction could exist but affirmatively states that Plaintiff signed a Controlling Arbitration Agreement.

34. Pursuant to 28 U.S.C. § 1391, venue is proper for the prosecution of this action in the Milwaukee Division of the Eastern District of Wisconsin because Defendants each operate out of a central and common principal business location within Waukesha County, Wisconsin.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

7

**THE CLASSES**

35.     The FLSA Section 216(b) Collective Action is comprised of Plaintiff and all individuals who, in any week during the (3) years prior to joining or opting-in to this action through the date of judgment in this case ("the FLSA Class Period");  (a) worked as exotic dancers within Defendants' Clubs; (b) were misclassified by Defendant as non-employee contractors; and (c) were not paid by Defendants for all hours worked as exotic dancers within Defendants' Clubs hourly an rate at least equal to the "free and clear" Federal Minimum Wage ("the FLSA Class").

**ANSWER:**     Paragraph 35 of the Complaint calls for legal conclusions to which no response is required  To the extent said remaining allegations are construed as requiring a response, Defendant denies that Plaintiff is entitled to bring claims on behalf of the FLSA Class.

36.     The Federal Rule 23 WMWL Class is comprised of Plaintiff and all individuals who, in any week during the period from two (2) year prior to the filing of the initial Complaint to the date of judgment in this action (the "WMWL Class Period"); (a) worked as exotic dancers within Defendants' Clubs; (b) were misclassified by Defendants as a non-employee contractors; and (c) were not paid by Defendants for all hours worked as exotic dancers within Defendants' Clubs hourly an rate at least equal to the "free and clear" Wisconsin Minimum Wage ("the WMWL Class").

**ANSWER:**     Paragraph 36 of the Complaint calls for legal conclusions to which no response is required  To the extent said remaining allegations are construed as requiring a response, Defendant denies that Plaintiff is entitled to bring claims on behalf of the WMWL Class.

37.     The Federal Rule 23 WIUDL Class is comprised of Plaintiff and all individuals who, in any week during the period from two (2) years prior to the filing of the

8

initial Complaint to the date of judgment in this action ("the WIUDL Class Period"); (a) worked as exotic dancers within Defendants' Clubs; (b) were misclassified by Defendants as a non-employee contractors; and (c) were required to pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, or assignments from earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs. ("the WIUDL Class").[1]

**ANSWER:** Paragraph 37 of the Complaint calls for legal conclusions to which no response is required To the extent said remaining allegations are construed as requiring a response, Defendant denies that Plaintiff is entitled to bring claims on behalf of the WIUDL Class.

## FACTUAL ALLEGATIONS

38. From about August 2023, through about September 2023, Defendants employed Plaintiff to work as an exotic dancer within Heart Breakers.

**ANSWER:** Defendant denies the allegations contained in this Paragraph. Answering further, Plaintiff performed in 2024.

39. From about June 2024, until about Mid-July 2024, Defendants employed Plaintiff to work as an exotic dancer within Oval Office.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

40. From about Mid-July 2024, through about October 2024, Defendants employed Plaintiff to work as an exotic dancer within Blu Sapphires.

**ANSWER:** Defendant denies the allegations contained in this Paragraph. Answering further, Plaintiff did not perform at Blu Sapphires in October of 2024.

41. During the relevant period, Defendants employed Plaintiff and more than one hundred (100) Class Members to work as exotic dancers within Defendants' Clubs.

9

**ANSWER:** Defendant denies Defendants employed Plaintiff. Answering further, Defendant denies the existence of the class. Answering further, Defendant admits the Clubs engaged more than 100 performers as Lessees.

42. During the relevant period, Defendants classified Plaintiff and all Class Members working as exotic dancers within Defendants' Clubs as non-employee contractors.

**ANSWER:** Defendant admits that performers were non-employee Lessees.

43. During the relevant period, Defendants documented, supervised, and had actual knowledge of all shifts and all hours Plaintiff and all Class Members worked as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

44. During the relevant period, Defendants held full authority and discretion to set and enforce rules and policies controlling Plaintiff and all Class Members' work duties, performances, and responsibilities while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

45. During the relevant period, Defendants held full authority and discretion to administer workplace discipline against Plaintiff or all Class Member for violating Defendants' rules or policies while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

46. During the relevant period, Defendants held full authority and discretion to decide whether Plaintiff or any Class Member was permitted to work as an exotic dancer within Defendants' Clubs.

**ANSWER:** Defendant admits Defendants could decide who they wanted to Lease to.

47. During the relevant period, Defendants held full authority and discretion to control if, when, and during what shifts Plaintiff or any Class Member was permitted to work as

10

an exotic dancer within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

48. During the relevant period, Defendants held full authority and discretion to suspend or terminate Plaintiff or any Class Member from working as an exotic dancer within Defendants' Clubs.

**ANSWER:** Defendant admits Defendants could decide who they wanted to Lease to.

49. During the relevant period, Defendants held full authority and discretion to exclude Plaintiff or any Class Member from working as an exotic dancer within Defendants' Clubs.

**ANSWER:** Defendant admits Defendants could decide who they wanted to Lease to.

50. During the relevant period, Defendants held full authority and discretion to set or modify customer prices for the private and semi-private exotic dances Plaintiff and Class Members performed for Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant admits Defendants controlled prices at the Clubs.

51. During the relevant period, Defendants did not require Plaintiff or Class Members to possess any requisite education, certificate, education, or training to work as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

52. During the relevant period, Defendants operated Defendants' Clubs as gentlemen's clubs featuring exotic dancers.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

53. During the relevant period, Plaintiff and Class Members' primary job duty within Defendants' Clubs was to work as exotic dancers.

11

**ANSWER:** Defendant denies Defendants provided job duties. Answering further, Defendant admits that Lessees primarily performed exotic dances.

54. During the relevant period, Defendants did not pay any wages or other compensation to Plaintiff or Class Members for working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant admits there were not any wages paid.

55. During the relevant period, Defendants required Plaintiff and Class Members to pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money Plaintiff and Class Members received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

56. During the relevant period, Defendants had actual or constructive knowledge their failure to pay Plaintiff and Class Members wages for the hours Plaintiff and Class Members worked as exotic dancers within Defendants' Clubs was in direct violation of Plaintiff and Class Members minimum wage compensation rights under the FLSA and Wisconsin law.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

57. During the relevant period, Defendants had actual or constructive knowledge their taking, collecting, withholding, or assigning of earned tip wages and other money Plaintiff and Class Members received from Defendants' customers while working as exotic dancers within Defendants' Clubs was in direct violation of Plaintiff and Class Members' earned wage retention rights under the FLSA and Wisconsin law.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

58. During the FLSA Class Period, Plaintiff and the members of the FLSA Class

12

(i) worked as exotic dancers within Defendants' Clubs; (ii) were misclassified by Defendants as non-employee contractors; and (iii) were not paid by Defendants for hours worked as an exotic dancer within Defendants' Clubs at a rate at least equal to the full "free and clear" Federal Minimum Wage.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

59.     During the FLSA Class Period, Plaintiff and the members of the FLSA Class were similarly situated because each is a victim of Defendants' common payroll scheme in violation of the FLSA to misclassify Plaintiff and the members of the FLSA Class as non-employee contractors and fail to pay Plaintiff and members of the FLSA Class wages for hours worked as exotic dancers within Defendants' Clubs at a rate at least equal to the the full "free and clear" Federal Minimum Wage.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

## RULE 23 CLASS ALLEGATIONS

60.     Plaintiff brings her WMWL claims against Defendants as a Class Action under Federal Rule 23 on behalf of herself and all members of the WMWL Class.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in this paragraph.

61.     Plaintiff brings her WIUDL claims against Defendants as a Class action under Federal Rule 23 on behalf of herself and all members of the WIUDL Class.

**ANSWER:** Upon information and belief, Defendant admits the allegations contained in this paragraph.

62.     The members of the WMWL Class are readily ascertainable from records in Defendants' possession, custody, or control.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

13

63. The members of the WIUDL Class are readily ascertainable from records in Defendants' possession, custody, or control.

**ANSWER:** Defendant admits the allegations contained in this Paragraph.

64. The WMWL Class is believed to exceed one hundred (100) members, such that joinder of all members of the WMWL Class is impracticable.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

65. The WIUDL Class is believed to exceed one hundred (100) members, such that joinder of all members of the WIUDL Class is impracticable.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

66. The WMWL claims belonging to Plaintiff and the members of the WMWL Class all arise from Defendants' common and class-wide misclassification of Plaintiff and the members of the WMWL Class as non-employee contractors and failure to pay Plaintiff and members of the WMWL Class wages for hours worked as exotic dancers within Defendants' Clubs at a rate at least equal to the full "free and clear" Wisconsin Minimum Wage.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

67. The WIUDL claims belonging to Plaintiff and the members of the WIUDL Class all arise from Defendants' common and class wide misclassification of Plaintiff and the members of the WIUDL Class as non-employee contractors and Defendants requirement that Plaintiff and the members of the WIUDL Class pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money Plaintiff and members of the WIUDL Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

68. Plaintiff's WMWL claims against Defendants are typical of the WMWL

14

claims that could be alleged by any member of the WMWL Class against Defendant in separate actions.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

69. Plaintiff's WIUDL claims against Defendants are typical to the WIUDL claims that could be alleged by any member of the WIUDL Class against Defendant in separate actions.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

70. The relief sought by Plaintiff against Defendant under the WMWL is typical of the relief that would be sought by each member of the WMWL Class against Defendant under the WMWL in separate actions.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

71. The relief sought by Plaintiff against Defendant under the WIUDL is typical to the relief that would be sought by each member of the WIUDL Class against Defendant under the WIUDL in separate actions.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

72. Plaintiff and the members of the WMWL Class sustained similar damages arising from the same unlawful payroll practices perpetrated by Defendants in violation of the WMWL during the WMWL Class Period.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

73. Plaintiff and the members of the WIUDL Class sustained similar damages arising from the same unlawful payroll practices perpetrated by Defendants in violation of the WIUDL during the WIUDL Class Period.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

74. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests

of the members of the WMWL Class and have no interests antagonistic to the members of the WMWL Class.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 74, and therefore, denies and puts Plaintiff to its proof.

75. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of the members of the WIUDL Class and have no interests antagonistic to the members of the WIUDL Class.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 75, and therefore, denies and puts Plaintiff to its proof.

76. The same questions of fact and law that are determinative of Plaintiff's WMWL claim against Defendants and the WMWL claims of the members of the WMWL Class against Defendants predominate over any questions or circumstances affecting only Plaintiff or any individual member of the WMWL Class.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 76, and therefore, denies and puts Plaintiff to its proof.

77. The same questions of fact and law that are determinative of Plaintiff's WIUDL claim against Defendants and the WIUDL claims of the members of the WIUDL Class against defendants predominate over any questions affecting only Plaintiff or any individual member of the WIUDL Class.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief about the truth of the allegations set forth in Paragraph 77, and therefore, denies and puts Plaintiff to its proof.

78. A Federal Rule 23 Class Action divided into WMWL and WIUDL Sub-Classes is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the WMWL and/or WIUDL lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

79. A Federal Rule 23 Class Action divided into WMWL and WIUDL Sub-Classes promotes consistency, economy, efficiency, fairness and equity, and the fair and efficient adjudication of all claims.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

### CAUSES OF ACTION
### COUNT I VIOLATION OF THE FLSA

80. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

**ANSWER:** No response is required.

81. During the FLSA Class Period, the FLSA required Defendants to pay Plaintiff and all members of the FLSA Class at an hourly rate at least equal to the full "free and clear" Federal Minimum Wage for all hours worked as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

82. During the FLSA Class Period, the FLSA required Defendants to permit

17

Plaintiff and all members of the FLSA Class to keep and retain all earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

83. During the FLSA Class Period, Defendants violated the FLSA by failing to pay Plaintiff and members of the FLSA Class wages for all hours worked as exotic dancers within Defendants' Clubs at rates at least equal to the full "free and clear" Federal Minimum Wage.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

84. During the FLSA Class Period, Defendants violated the FLSA by requiring Plaintiff and the members of the FLSA Class pay Defendants' managers, employees, agents, or assignees mandatory kickback charges, deductions, and assignments from earned tip wages and other money Plaintiff and members of the FLSA Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

85. During the FLSA Class Period, Defendants violated Plaintiff and the FLSA Class Members' rights under the FLSA willfully, knowingly, intentionally, and not as the product of any good faith attempt to comply with the requirements of the FLSA.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

<u>**COUNT II**</u>
<u>**VIOLATION OF THE WMWL**</u>

86. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

**ANSWER:** No response is required.

18

87. During the WMWL Class Period, the WMWL and WWPCC required Defendants to pay Plaintiff and members of the WMWL Class at an hourly rate at least equal to the full "free and clear" Wisconsin Minimum Wage for all hours worked as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

88. During the WMWL Class Period, the WMWL and WWPCC required Defendants to permit Plaintiff and all members of the WMWL Class to keep and retain all earned tip wages and other money received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

89. During the WMWL Class Period, Defendants violated the WMWL and WWPCC by failing to pay Plaintiff and all members of the WMWL Class wages for all hours worked as exotic dancers within Defendants' Clubs at rates at least equal to the full "free and clear" Wisconsin Minimum Wage.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

90. During the WMWL Class Period, Defendants violated the WMWL and WWPCC by requiring Plaintiff and the members of the WMWL Class pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money Plaintiff and members of the WMWL Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

91. During the WMWL Class Period, Defendants' violations of the WMWL and WWPCC were perpetrated by Defendants for dilatory or unjust reasons.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

19

92. Because of Defendants' violations of the WMWL and WWPCC perpetrated during the WMWL Class Period, Plaintiff and the members of the WMWL Class have suffered and continue to suffer wage loss.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

## COUNT III VIOLATIONS OF THE WIUDL

93. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

**ANSWER:** No response is required.

94. During the WIUDL Class Period, the WIUDL and WWPCC prohibited employers from making any deduction from wages due or earned by an employee "for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction or unless the employer and a representative designated by the employee determine that the defective or faulty workmanship, loss, theft or damage is due to the employee's negligence, carelessness, or willful and intentional conduct, or unless the employee is found guilty or held liable in a court of competent jurisdiction by reason of that negligence, carelessness, or willful and intentional conduct." Wis. Stat. § 103.455.

**ANSWER:** Defendant Wis. Stat. § 103.455 speaks for itself and denies any allegation or legal conclusion contained herein contrary to the same.

95. During the WIUDL Class Period, Defendants violated the WIUDL and WWPCC by requiring Plaintiff and the members of the WIUDL Class pay Defendants' managers, employees, agents, or assignees mandatory kickbacks, deductions, and assignments from earned tip wages and other money Plaintiff and members of the WIUDL Class received

from Defendants' customers while working as exotic dancers within Defendants' Clubs.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

96.     During the WIUDL Class Period, Defendants made deductions and assignments from Plaintiff and the members of the WIUDL Class's earned tip wages and other money Plaintiff and the members of the WIUDL Class received from Defendants' customers while working as exotic dancers within Defendants' Clubs without Plaintiff and the members of the WIUDL Class's written authorization, their representative's determination, or a relevant court order.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

97.     Because of Defendants' violations of the WIUDL and WWPCC perpetrated during the WIUDL Class Period, Plaintiff and the members of the WIUDL Class have suffered and continue to suffer wage loss.

**ANSWER:** Defendant denies the allegations contained in this Paragraph.

## AFFIRMATIVE DEFENSES

1.      As and for a first and separate affirmative defense, these answering Defendants allege the Plaintiff has failed to state a claim upon which relief may be granted.

2.      As and for a second and separate affirmative defense, these answering Defendants allege Plaintiff has failed to mitigate her damages.

3.      As and for a third and separate affirmative defense, these answering Defendants allege Plaintiff has failed to state a claim for class certification.

4.      As and for a fourth and separate affirmative defense, these answering Defendants allege Plaintiff is not an adequate class representative.

5.      As and for a fifth and separate affirmative defense, these answering Defendants allege Plaintiff's claims are not similar or compatible with alleged claims of the persons whose behalf Plaintiff seeks to assert a claim.

6. As and for a sixth and separate affirmative defense, these answering Defendants allege Plaintiff and all potential class members were properly and adequately compensated.

7. As and for a seventh and separate affirmative defense, these answering Defendants allege Defendants were not "employers" of Plaintiff or any class member under state and federal law.

8. As and for an eighth and separate affirmative defense, these answering Defendants allege Plaintiff and class members were not employees of Defendants under state and federal law.

9. As and for a ninth and separate affirmative defense, these answering Defendants allege Plaintiff did not engage in interstate commerce or meet compensation requirements of the FLSA.

10. As and for a tenth and separate affirmative defense, these answering Defendants allege the claims of Plaintiff and the class members may be equitably offset by compensation already received.

11. As and for an eleventh and separate affirmative defense, these answering Defendants allege some or all of the Plaintiff's claims against these Defendants are barred by the equitable theories of waiver, promissory estoppel and/or laches.

12. As and for a twelfth and separate affirmative defense, these answering Defendants allege that with respect to all causes of action, Defendants acted, at all times, in good faith and under the belief that it was acting in accordance with the law.

13. As and for a thirteenth and separate affirmative defense, answering Defendants Blu Astor Cabaret and Show Palace have no affiliation with Plaintiff as a performer lessee or otherwise, and, therefore, Plaintiff has no claims against either said Defendant.

22

14. As and for a fourteenth and separate affirmative defense, these answering Defendants allege that Plaintiff has executed a written contract with Defendants Blu Sapphires, Heart Breakers and Oval Office which compels single arbitration for all of Plaintiff's claims.

15. As and for a fifteenth and separate affirmative defense, these answering Defendants allege and incorporate by reference the defenses set forth in Rules 12 and 8(c) of the Federal Rules of Civil Procedure, so as to avoid waiver of the same pending further discovery.

16. These answering Defendants reserve the right to add or subtract from the list of affirmative defenses as further discovery necessitates.

WHEREFORE, Defendant, Menasha Entertainment, LLC d/b/a Blu Sapphires Cabaret Yeomans, Inc., demands judgment as follows:

A. Dismissal of the Plaintiff's Complaint against her on the merits;

B. Cost and disbursements incurred in defending this action; and

C. Any and all other remedies the Court deems just and equitable.

Dated at Green Bay, Wisconsin, this 14th day of March, 2025.

> HAGER, DEWICK & ZUENGLER, S.C.
> Attorneys for Plaintiff, Menasha Entertainment, LLC d/b/a
> Blu Sapphires Cabaret Yeomans, Inc.
>
> *Electronically Signed By Nicholas J. Linz*
> Attorney Nicholas J. Linz
> State Bar No. 1064358

Mailing Address
200 South Washington Street, Suite 200
Green Bay, WI 54301
Phone No.: (920) 430-1900
Fax No.: (920) 430-1909
Email: nlinz@hdz-law.com

23