UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INGRID ALATORRE,

              Plaintiff,

      v.                                               Case No. 25-CV-209

MILWAUKEE ENTERTAINMENT, LLC,
d/b/a Heart Breakers, et al.,

              Defendants.

## ORDER

**1. Background**

      Plaintiff Ingrid Alatorre filed this action on behalf of herself and others similarly situated against Defendants Milwaukee Entertainment, LLC (doing business as Heart Breakers), Menasha Entertainment, LLC (doing business as Blu Sapphires Cabaret), Horizon Consulting, LLC (doing business as Show Palace), GB Entertainment, LLC (doing business as Oval Office), and DJ & IQ, LLC (doing business as Blu Astor Cabaret), alleging violations of state and federal wage and hour laws. (ECF No. 1.) The defendants move to compel arbitration and stay all proceedings. (ECF No. 22.) All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 9, 15.)

**2. Motion to Compel Arbitration Standard**

The Federal Arbitration Act ("FAA") provides: "A written provision in … a contract … to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA embodies a "liberal federal policy favoring arbitration agreements[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

"Congress has instructed federal courts to enforce arbitration agreements according to their terms." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018). Although courts interpret arbitration agreements according to state law, the FAA preempts state law "to the extent it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives' of the FAA." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 183 (2019) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011)).

To compel arbitration under the Federal Arbitration Act, "a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Druco Rests., Inc. v. Steak N Shake Enters., Inc.*, 765 F.3d 776, 781 (7th Cir. 2014). State law contract principles govern the question of whether the parties agreed to arbitrate a certain matter. *Id*. The parties agree that Wisconsin law governs interpretation of the

arbitration provision. (ECF No. 22 at 2; ECF No. 24 at 3; *see also* ECF No. 23-1 at 9; ECF No. 23-1 at 11.)

"[A] court may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1033 (7th Cir. 2012) (quoting *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. The normal procedure when an arbitrable issue arises in the course of a federal lawsuit is to stay the suit to await the outcome of arbitration. *Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002).

**3. Analysis**

**3.1. Milwaukee Entertainment and Menasha Entertainment**

In support of their motion to compel arbitration the defendants submit a Declaration of Barbara Briggs, who declares that she is the "Business Manager/Controller of Bluclique LLC, which manages" the defendants. (ECF No. 23.) Attached to the Briggs declaration are two documents, the first of which she says is "[a] true and correct copy of the Independent Contractor / Entertainer Performance Agreement and Lease between Plaintiff and Milwaukee Entertainment" (ECF No. 23-1), and the second of which she says is "[a] true and correct copy of the Independent

Professional Entertainer Performance Lease Agreement between Plaintiff and Menasha Entertainment" (ECF No. 23-2). Both documents are signed by Alatorre. (ECF No. 23-1 at 1, 10, 11; ECF No. 23-2 at 2, 12, 16.)

Alatorre first argues that the court cannot consider the contracts because the defendants fail to establish that Briggs has personal knowledge sufficient to affirm that the agreements are "true and correct." (ECF No. 24 at 5.) It is true that the declaration could have said more to establish that Briggs has personal knowledge of the contracts attached to her declaration. But as the Controller of the entity that manages the defendants, the Court is satisfied that Briggs has the requisite personal knowledge to identify the contracts.

Alatorre makes no further arguments against the validity of the contract with Menasha Entertainment. Nor does she dispute that her claims fall within the scope of the Arbitration Rider to that agreement. Nonetheless, she refuses to proceed to arbitration. Accordingly, the Court must compel her to pursue her claims against Menasha Entertainment in arbitration.

With regard to defendant Milwaukee Entertainment, Alatorre argues that the defendants have not demonstrated that Milwaukee Entertainment is a party to the contract attached to Briggs's declaration. (ECF No. 24 at 7.)

The first page of the contract attached to Briggs's declaration as Exhibit A says it is a Lease between Milwaukee Entertainment and plaintiff Alatorre. (ECF No. 23-1.) For

the next several pages it sets forth various rights and obligations of "Owner" and "Entertainer", the latter of whom is defined as Alatorre. The contract contains an arbitration provision that provides, among other things, that "[t]he parties to this Agreement that all claims that Entertainer may have against Owner … or that Owner may have against Entertainer shall be submitted exclusively to and determined exclusively by binding arbitration …." (ECF No. 23-1 at 8.) (It appears that the word "agree" is missing after the phrase "the parties to this Agreement". That is simply one of a host of typos in the agreement.)

However, the contract never defines or identifies who the "Owner" is. The contract's signature page has signature lines for the "Owner / Manager" and "Entertainer." (ECF No. 23-1 at 10.) Alatorre signed as "Entertainer," and an individual named "Nancy Govas" signed as "Owner / Manager." (*Id.*) The contract does not identify who Nancy Govas is. (*Id.*) Nowhere in the contract is Milwaukee Entertainment defined or identified as the "Owner."

Despite Alatorre raising this issue in response to the defendants' motion, the defendants did not file a reply brief and made no attempt to clarify the matter. While the bar is not high for the defendants to prove that the parties agreed to submit their disputes to arbitration, *see Druco Rests., Inc.*, 765 F.3d at 781, they have not cleared it.

Accordingly, the Court will deny the motion to compel Alatorre's claims against Milwaukee Entertainment to arbitration.

### 3.2. GB Entertainment, Horizon Consulting, and GJ & IQ

Alatorre argues that she and GB Entertainment did not agree that her claims must be pursued exclusively via arbitration. (ECF No. 24 at 10.) The defendants did not introduce any written agreement binding Alatorre and GB Entertainment to arbitration, nor any evidence that such an agreement existed. Accordingly, the Court will deny the defendants' motion to compel Alatorre's claim against GB Entertainment to arbitration.

The defendants request that the claims against Horizon Consulting and DJ & IQ be compelled to arbitration because, without her claims against Milwaukee Entertainment, Menasha Entertainment, and GB Entertainment, Alatorre has no standing to bring her claims against the remaining defendants, which are premised on their common ownership. (ECF No. 22 at 4.) Having found no basis to compel Alatorre to pursue her claims against Milwaukee Entertainment and against GB Entertainment to arbitration, there is no reason to compel arbitration for Horizon Consulting and GJ & IQ, with whom Alatorre has no arbitration agreement.

Accordingly, the Court will deny the defendants' motion to compel arbitration as to defendants Milwaukee Entertainment, GB Entertainment, Horizon Consulting, and GJ & IQ.

### 4. Conclusion

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the defendants' motion to compel arbitration is GRANTED IN PART AND DENIED IN PART. It is granted as to Alatorre's claims against Menasha Entertainment. It is denied as to Alatorre's claims against Milwaukee Entertainment, Horizon Consulting, GB Entertainment, and DJ & IQ.

**IT IS FURTHER ORDERED** that this action is stayed as to Menasha Entertainment. The parties shall notify this Court in writing of the resolution of the arbitration when one has been reached. Within thirty-days following a final decision in the arbitration proceedings, any party may move to have this cause of action restored to this Court's docket. If no such motion is filed within the specified time frame, the claims against Menasha Entertainment will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin this 17th day of June, 2025.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge